Caldwell, J.
The defendant below was indicted and convicted under the 36th section of the act for the punishment of crime, and charged with aiding, abetting, procuring, etc., one Hillery Weeden to steal a horse. A bill of exceptions was taken, on the part of the defendant, to the ruling and charge of the court, on the trial, on which numerous errors have been assigned. The third count of the indictment, on which the defendant was found guilty, charges that Weeden *132 stole the horse, and that Noland aided, abetted, procured, and commanded him to commit the deed, — in the form of an indictment against principal and accessory. When the cause was called for trial, defendant’s counsel objected to proceeding until Weeden, the principal, should first be tried and convicted. The court overruled this objection, and put the defendant on his trial, and this was excepted to, and is assigned'for error. It is contended that the common law rule, that the principal must be tried and convicted before the accessory can be tried, must prevail in a proceeding under our statute. We think the legislature have made the crime, with which the defendant is charged, a substantive, independent offense, not in any way dependent for its punishment on the conviction of the principal offender.
The 36th section of the statute reads thus:
“ That if any person shall aid, abet, or procure any other person to commit any of the offenses by this act made criminal, every person so offending, shall, upon conviction thereof, be imprisoned in the penitentiary, and kept at hard labor, for any time between the respective periods for which the principal offender could be imprisoned for the principal offense ; or if such principal offender would, on conviction, be punished with death, or be imprisoned for life, the said aider, abetter, or procurer shall be imprisoned for life, or punished with death, as the occasion may require.”
The language of this section, so far from making the punishment necessarily follow the conviction of the principal offender, appears to preclude the idea. The aider, abetter, or procurer, in penitentiary cases, punishable for a term of years, is to be kept at hard labor for any time between the respective periods for which the principal offenders could be imprisoned for the principal offense; and in other cases “if such principal offender would, on conviction, be punishable with death, or imprisonment for life, then,” etc., clearly, as we think, making the party amenable to punishment, without any reference to the conviction of the principal. If the common law rule prevails under our statute, as no exceptions *133 are made, then no accessory can be tried until the principal has been convicted. This rule, on account of its impracticability, has long since been very much modified by statute, even in England, and it is hardly to be supposed that oui legislature should have intended to adopt this old rule, with all its palpable imperfections.
We are, however, referred to a decision in 3d Massachusetts Reports 126, Commonwealth v. Andrews, where, under a statute claimed to be similar to ours, the court set aside a special verdict, on the ground that the defendant, who was an accessory, was tried before the principal had been convicted.
The Massachusetts statute, on which this decision was made, differs, as we think, very materially from ours. That statute provides that whoever shall aid, abet, etc., any person to commit any of the crimes before specified, shall be considered accessory to the principal offender; and in ease the principal offender be not known or prosecuted, any person committing any of said crimes, whereby he becomes an accessary, may be prosecuted for a misdemeanor.
It will be seen that this statute makes a distinction between the two classes of cases specified; providing distinctly in the last case, under certain circumstances, as where the principal offender was not known or prosecuted, that the accessory should be amenable to punishment, as for an independent offense.
As the defendant in that case was indicted under the first specification of the statute, (which the legislature had distinguished from the 2d, where the party was liable as for an independent offense,) the court decided that, as to that part of the statute, the common law rule must prevail, and that the principal must first be put on his trial before the accessory can. This is a decision that we think sustains, rather than conflicts, with the view which we have taken of our statute. We can see no error in the ruling of the court of common picas on this branch of the case.
*134 On the trial, the state called Hillery Weeden, the person whom the defendant, Noland, is charged with aiding and abetting in stealing the horse, as a witness. The defendant’s counsel objected to his testifying, on the ground- that he was a co-defendant, and, therefore, until his case was disposed of, he could not be called a witness.
In 1st Greenleaf 363, the rule is laid down that persons jointly indicted, cannot be witnesses for or against each other, unless the. prosecution has been put an end to, by acquittal, conviction, or nolle prosequi, and that the rule applies where the parties are tried separately. Now we do not see any reason whatever for the rule when the parties are separately tried. A witness is clearly competent, although he may be charged with the same offense, in a separate indictment. When a severance takes place, and the parties are 'separately tried, it is to all intents and purposes, as if they were charged in separate indictments, and why they should be competent witnesses for or against each other in the one case, and not in the other, appears difficult to determine. But even if the rule contended for be well established, we think it would not apply to the present case. Although the indictment, setting forth the offense of the defendant, Noland, necessarily contains the charge of the horse being stolen by Weeden; yet they are not jointly charged with the same offense, but with different and distinct offenses. We think Weeden was a competent .witness.
The court charged the jury that the testimony of Weeden, the accomplice, was sufficient of itself to convict the defendant; but charged also, that the testimony of Weeden was corroborated by the testimony of one Enoch Matson, who had testified that some time during the last year he had heard a conversation between Weeden and the defendant, in which the defendant said Sheldon’s is a good horse, and ought to be moved, which testimony the court charged was corroborative of the testimony of Weeden (who had testified to the same words), in a matter material. This charge is alleged to be erroneous.
*135 On the first question embraced in it; whether the testimony of an accomplice, uncorroborated, is sufficient to warrant a conviction, the court does not fully concur in opinion.
In charging that the testimony of Matson corroborated the testimony of. Weeden, in a material matter, we think the court of common pleas erred.
The weighing of testimony, and giving it., its proper effect, is especially the province of the jury. Now Noland, saying that Sheldon’s was a good horse,,and ought to be moved, could not be corroborative of the testimony of Weeden, in a material matter, unless it related, or in some way connected itself, with defendant’s agency in stealing the horse. If it related to something else than the stealing of the horse, then it was immaterial, and could not be said to be, in legal effect, a corroboration.
To determine this was exclusively the business of the jury.
The evidence of accomplices in crime should be very' cau tiously received, and should in all cases be suspiciously scrutinized by a jury.
From the fact that the witness is shown to be void of moral principle, so much so that in a case like this it is considered unsafe for him to be at large in community, that when his punishment commences he is forever debarred from testifying in any case, the dictate of common sense would appear to be against relying with much confidence on his veracity.
For this error the judgment of the court of common pleas must be reversed.
This is the only error that we have discovered in the record, and we do not think it necessary to refer specifically to the other errors assigned.

Judgment reversed.